**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KEYSTONE EMPORIUM LLC,

                Plaintiff,

          v.

TOPWOR-US AND THE OTHER
INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

                Defendants.

Civil Action No. 2:25-cv-1787-MRH

JURY TRIAL DEMANDED

FILED UNDER SEAL

[PROPOSED]
**(1) TEMPORARY RESTRAINING ORDER;**
**(2) ORDER RESTRAINING DEFENDANTS' ASSETS AND ONLINE**
**STOREFRONTS;**
**(3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION**
**SHOULD NOT ISSUE; AND**
**(4) ORDER AUTHORIZING EXPEDITED DISCOVERY**

This matter is before the Court on Keystone Emporium LLC's ("Keystone" or "Plaintiff") *Ex Parte* Motion – as to The Individuals, Partnerships, And Unincorporated Associations Identified In Schedule "A" (collectively, "Defendants") – for (1) a Temporary Restraining Order; (2) an order restraining Defendants' assets and Online Storefronts; (3) an order to show cause why a preliminary injunction should not issue; and (4) an order authorizing expedited discovery. The Court has considered the Motion, the evidence of record, and the applicable law.

Pursuant to 35 U.S.C. § 283 and Federal Rules of Civil Procedure 64 and 65, for good cause shown that Plaintiff has satisfied the requirements for issuance of a Temporary Restraining Order, the Court **GRANTS** Plaintiff's Motion.

1

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.  Plaintiff has established: Plaintiff is likely to prevail on the merits of its claims that each Defendant's Infringing Products (as defined below) infringe at least one claim of the Asserted Patent (as defined below); Plaintiff has no adequate remedy at law to compensate for Defendants' infringing activities and Plaintiff has suffered, and will continue to suffer, irreparable harm absent the entry of a temporary restraining order ("TRO"); the balance of equities weighs in favor of granting Plaintiff's requested TRO; and the requested TRO will serve the public interest.

2.  The design of Plaintiff's Butter Knife are the subject of, and embody claims of, United States Patent No. 774,846, issued on December 27, 2016 ("the '846 Patent" or the "Asserted Patent").

3.  Defendants, through their operation of pseudo-anonymous online commerce storefronts ("Online Storefronts") under Defendants' respective seller identifiers set forth in Schedule "A" to the Complaint (Defendants' "Seller IDs"), through online commerce platforms including, but not limited to, Amazon.com, Wal-Mart.com/Walmart.com, and Temu.com ("Online Marketplaces"), have promoted, advertised, distributed, had manufactured, imported, offered for sale, and sold unauthorized products that infringe the Asserted Patent ("Infringing Products") that infringe at least one claim of the Asserted Patent, and which are derivative knockoff versions of Plaintiff's Butter Knife.

4.  Through the Online Marketplaces, Plaintiff accessed and inspected all Defendants' Online Storefronts operated under Defendants' Seller IDs that are at issue in this case. The details of Defendants' Online Storefronts (including descriptions, images, and reviews) were inspected by Plaintiff's legal representatives who confirmed that each Defendant is or was at least offering for sale products that infringe upon at the claimed Designs of the Asserted Patent.

5. Defendants' Infringing Products were analyzed by Plaintiff's legal counsel to confirm the infringement as set forth in the Complaint For Damages And Injunctive Relief ("Complaint") (and infringement claim chart attached thereto as Exhibit 2).

6. Plaintiff is likely to suffer immediate and irreparable injury, damages, and losses (and consumers are likely to continue to be confused) unless Plaintiff's *Ex Parte* Motion is granted.

7. Absent the relief requested by Plaintiff, there is good cause shown that (1) the unauthorized and unlicensed offering for sale and sale of Infringing Products will continue in the Online Marketplaces; (2) consumers are likely to be misled, deceived, and/or confused by the Infringing Products; (3) Plaintiff will continue to lose sales of Plaintiff's Butter Knife; and (4) and the marketplace for authorized Butter Knife will continue to be eroded and tarnished.

8. There is also good cause shown that, if Defendants receive notice of this Motion, Defendants can and likely will easily and quickly change the ownership of or modify their Online Storefronts, change their payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of the Seller IDs, thereby altering the status quo and reducing or eliminating the Court's ability to grant meaningful relief to Plaintiff. Proceedings against those who deliberately traffic in infringing merchandise are often ineffective if notice is given to the infringer before the asserts are restrained.

9. The only potential harm to Defendants is the loss of ill-obtained profits from the continued sale of the Infringing Products.

10. The balance of potential harm to Defendants if a TRO issues, is far outweighed by the harm to Plaintiff if a TRO is not issued.

11. The public interest favors issuance of the TRO by protecting the public's interest in preserving the rights of intellectual property holders and protecting the consuming public from

being deceived and defrauded by the sale and offer for sale of Defendants' unauthorized Infringing Products that knockoff Plaintiff's Butter Knife.

12. Under Pennsylvania law, this Court may issue a prejudgment asset restraint where Plaintiff's Complaint asserts a claim for money damages. Therefore, this Court has the authority to grant Plaintiff's request for prejudgment asset freeze to preserve the status quo, preserve the relief sought by Plaintiff, and preserve Defendants' ability to at least partially satisfy a judgment.

13. If Defendants are given notice of the *Ex Parte* Motion, they are also likely to destroy, move, hide, or otherwise render inaccessible the relevant records and documents. Therefore, Plaintiff has shown good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's *Ex Parte* Motion is hereby **GRANTED** as follows:

## I.    TEMPORARY RESTRAINING ORDER – RESTRAINT OF DEFENDANTS' ASSETS AND ONLINE STOREFRONTS

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with it, having notice of this Order, are hereby restrained as follows:

1. Defendants are restrained from their continued infringement of the Asserted Patent owned by Plaintiff, including the unauthorized and unlicensed promotion, advertisement, distribution, manufacture, import offer for sale, and sale of the Infringing Product.

2. Defendants are restrained from shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products, which infringe upon at least one claim of the Asserted Patent;

4

3. Defendants are restrained from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of any computer files, data, business records, documents, or other records, or evidence relating to their user accounts or Online Storefronts, and any money, securities, or other property or assets of Defendants (collectively, Defendants' "Assets").

4. Defendants are restrained from assigning or transferring, forming new entities or associations, or creating and/or utilizing any other Online Marketplace, user account, or Online Storefront, or any other means of importation/exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the restrictions set forth in this Order;

5. Defendants are restrained from offering for sale the Infringing Products through the use of metatags or other markers within website source code or within any web page or Online Storefront (*e.g.*, in the title of any product listing), through use of advertising links to other websites, through use of search engine databases or cache memory, and any other techniques that would render visible to a computer user a listing for the Infringing Products;

6. Defendants are restrained from transferring ownership of the Online Storefronts, user accounts, or Seller IDs;

7. Defendants shall preserve copies of all computer files relating to the use of any Online Storefronts, user accounts, and Seller IDs, and shall take all steps necessary to retrieve and maintain computer files relating to the use of any Online Storefronts, user accounts, and Seller IDs that may have been deleted prior to entry of this Order;

8. Upon receipt of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, marketplace platforms, or third party

service providers (including, but not limited to, Amazon.com, Inc., Amazon Capital Services, Inc., Amazon.com Services LLC, Amazon Payments, Inc., WhaleCo. Inc, Alibaba.com Singapore E-Commerce Private Limited, Wal-Mart.com USA, LLC, Walmart Inc.), and their related companies and affiliates (the "Third Party Institutions"), shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (1) any other accounts of the same entities or customers; (2) any other accounts which transfer funds into the same financial institution account(s) and/or any of the other accounts subject to this Order; and (3) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[1]

9.  Upon receipt of this Order, Defendants and all Third Party Institutions, shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same entities/customers as well as any other accounts which transfer funds into the same financial accounts as any other accounts subject to this Order;

10. The Third Party Institutions shall, within five (5) business days of receiving this Order, provide Plaintiff's counsel with all data that details (1) an accounting of the total funds restrained and identifies the financial accounts to which the restrained funds are related; and (2) the account transactions related to all funds transmitted into financial

---

[1] This Order contemplates that discovery may reveal that Defendants have other user accounts operated by other third party service providers and/or financial institutions and that the newly discovered third party service providers and/or financial institutions, once identified and provided with notice, shall also be subject to the discovery, restrains, and injunctions set forth in this Order.

accounts that have been restrained. Such retraining of the funds and the disclosure of the related financial account information shall be made without notice to the account holders, until after those accounts are retrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Institution's security interest in the funds) without express authorization of this Court;

11. Upon Plaintiff's request, any Online Marketplace that is provided with notice of this Order, including but not limited to any Third Party Institutions, shall immediately cease fulfillment of and sequester Defendants' Assets corresponding to the Seller IDs identified on Schedule "A" hereto, which assets are in the possession, custody, or control of the Third Party Institution, and hold such goods in trust for the Court during pendency of this action;

12. This Order shall apply to the Seller IDs, associated user accounts and Online Storefronts, and any other seller identification names, user accounts, or Online Storefronts, and Defendants' accounts with Third Party Institution that are being used by Defendants for the purpose of infringing at least one claim of the Asserted Patent;

13. Defendants and all Third Party Institutions subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

14. This Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further date as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, all Online Marketplaces who are provided notice of this Order, including but not limited to the Third Party Institutions, are hereby restrained and enjoined from engaging in any of the

following acts or omissions pending the hearing and determination of Plaintiff's Motion for a preliminary injunction, or until further order of the Court:

1. All Third Party Institutions are restrained from causing or assisting in the secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any user account, Online Storefront, or Seller ID associated with any Defendant (whether said account is located in the United States or abroad) (Defendants' "Financial Accounts") until further ordered by this Court; and

2. Within five (5) days after receiving notice of this Order, all Third Party Institutions are restrained from providing services to any Defendant or any user account, Online Storefront, or Seller ID associated with any Defendant, including, but not limited to, continued operation of Defendants' user accounts, Online Storefronts, or Seller IDs and any other listings linked to the same sellers or any other alias seller identification names being used and/or controlled by any Defendant.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, and within five (5) business days of Plaintiff's request:

All Online Marketplaces shall, upon receipt of this Order, suspend or block any and all product listings (whether operated by Defendants or any other person or entity) identified by the Plaintiff as identical or substantially similar to the products described in Exhibit 2 to the Complaint (which products Plaintiff has demonstrated are being imported, sold, and/or offered for sale in the United States and which products embody every limitation of at least one claim of the Asserted Patent).

## II.    ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND SERVICE OF ORDER

A.  Defendants are hereby ORDERED to appear before this Court in the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, Mark R. Hornak. ~~United States Federal Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania, 15219, in Courtroom No. 6A on~~ *via Zoom hearing* the 17th day of February 2026 ~~2025~~, at 1:30 a.m./p.m. or at such other time that this Court deems appropriate, and show cause as to why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue. **DEFENDANTS ARE ON NOTICE THAT FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE IMPOSITION OF A PRELIMINARY INJUNCTION AGAINST THEM.**

2/12/26 at 2:00pm

B.  Opposing papers, if any, shall be filed on or before ___, ~~2025,~~ shall be filed electronically with the Court, and shall be served upon Plaintiff's counsel by delivering copies thereof to the office of Stratum Law LLC, at 2424 E. York St. Ste. 223, Philadelphia, PA 19125. Plaintiff shall file any reply papers on or before 2/13/26 at 2:00/pm. ~~2025.~~

C.  After Plaintiff's counsel has received confirmation from any Third Party Institutions or otherwise regarding the restraint of funds directed herein, Plaintiff shall serve copies of the Complaint, the *Ex Parte* Motion, this Order, and any discovery on each Defendant via their corresponding email/online contact form provided by the Online Marketplaces, or by providing a copy of this Order by email to any Online Marketplaces, which in turn shall notify each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post copies of the Complaint, the *Ex Parte* Motion, this Order, discovery, and all filings in this matter upon each Defendant in this action by electronic means to an online repository maintained by Plaintiff and regularly updated with all filings in this action,[2]

---

[2] Federal Rules of Civil Procedure 65 has been interpreted to require that a party receive notice of the motion and

and shall provide a link to Defendants via email/online contact form, and such notice so given shall be deemed good and sufficient thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the online repository designated by Plaintiff or by other means reasonably calculated to give notice which is permitted by the Court.

## III.    ORDER AUTHORIZING EXPEDITED DISCOVERY

A.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1.  Plaintiff may propound interrogatories pursuant to Federal Rules of Civil Procedure 26 and 33; Defendants shall deliver to Plaintiff's counsel, within fourteen (14) days of service, written responses to such interrogatories under oath.

2.  Plaintiff may serve requests for production of documents pursuant to Federal Rules of Civil Procedure 26 and 34; Defendants shall deliver to Plaintiff's counsel, within fourteen (14) days of service, written responses to such document requests.

3.  Plaintiff may serve requests for admission pursuant to Federal Rules of Civil Procedure 26 and 36; Defendants shall deliver to Plaintiff's counsel, within fourteen (14) days of service, written responses to such requests for admission under oath.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all Third Party Institutions shall provide to Plaintiff's counsel all documents and records in their possession, custody, or control (whether located in the United States or abroad) relating to Defendants' user accounts, Online Storefronts, and Seller IDs, including, but not limited to, documents and records relating to:

1.  Any and all account details including, without limitation, identifying information and

---

hearing; however, perfecting service on a defendant is not a prerequisite for the entry of a preliminary injunction. *See, e.g., Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

account numbers for any and all user accounts, Online Storefronts, and Seller IDs that Defendants currently maintain, or have previously maintained, with the respective Third Party Institution(s);

2.  The identities of, location of, and contact information (including all email addresses) for Defendants that were not previously provided;

3.  The Defendants' methods of payment, methods for accepting payment, and any and all financial information including, but not limited to, a full accounting of Defendants' sales history and listing history and Defendants' Financial Accounts associated with Defendants' user accounts, Online Storefronts, and/or Seller IDs; and

4.  Defendants' unauthorized and unlicensed use of the Asserted Patent.

## IV.    SECURITY BOND

IT IS FURTHER ORDERED that Plaintiff shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of ~~Five Thousand Dollars (US$5,000.00)~~ $25,000.00/xx with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## V.    SUMMONS

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of all Schedule "A" Defendants, which shall apply to all Defendants.

**SO ORDERED**.

*Entered as of date/time of electronic docketing.*

SIGNED this_____day of_____, 2025 Pittsburgh, Pennsylvania


2/6/2026

HONORABLE MARK R. HORNAK
UNITED STATES DISTRICT JUDGE